# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-05856-AHM (AJWx)<br>CV 10-04378-AHM (AJWx)* | Date | May 24, 2011 |
|---|---|---|---|
| Title | CYNTHIA ALVAREZ v. NORDSTROM, INC. consolidated with CYNTHIA ALVAREZ v. NORDSTROM, INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

This case is before the Court on plaintiff Cynthia Alvarez's ("Plaintiff") Motion for Class Certification. Having considered the parties' papers, the Court finds that class certification is not appropriate in this case. Accordingly, the Court DENIES the motion.[1]

## I. FACTS

The parties are familiar with this case's tortuous procedural history. For clarity's sake, however, the Court sets forth the following summary, which cribs from the Court's October 5, 2010 order denying Plaintiff's motion to remand.

### A. Prior Action

The Court dealt with the dispute underlying this case in 2008 and 2009. *See* Case No. CV 08-5856. Because the procedural history of that case is pertinent to this motion, the following is a summary of how the dispute arrived back in federal court. Unless

---

[1] Docket No. 34 (CV 10-4378). The Court retains jurisdiction over Plaintiff's individual claims. *United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010) ("If a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05856-AHM (AJWx)<br>CV 10-04378-AHM (AJWx)* | Date | May 24, 2011 |
|---|---|---|---|
| Title | CYNTHIA ALVAREZ v. NORDSTROM, INC. consolidated with CYNTHIA ALVAREZ v. NORDSTROM, INC., et al. | | |

otherwise specified, the references to the federal action are to the 2008 case.

Plaintiff filed a First Amended Complaint ("FAC") in Los Angeles County Superior Court (Case No. BC 392619) on July 18, 2008 and served defendant Nordstrom, Inc. ("Nordstrom") on August 7, 2008. Nordstrom answered on September 5, 2008 and the dispute arrived here for the first time on September 8, 2008, after Nordstrom filed a Notice of Removal under the Class Action Fairness Act ("CAFA"). Plaintiff filed a motion for class certification on April 17, 2009, which this Court denied without prejudice on July 10, 2009.

In its previous order denying certification, the Court explained that "Plaintiff has not established that she would be an adequate class representative or that the class would be sufficiently numerous . . . in light of the pending class action settlement in the Nordstrom Commission Cases in Orange County Superior Court." Docket Entry (DE) 48 at 1. The Court further observed that "[i]f Plaintiff does not opt out [of the Commission Cases settlement], she would not be an adequate representative. Even if she does opt out, she would still be a member of the mandatory prospective relief class, and thus she might lack standing to challenge the legality of the timing of commission payments." *Id.* at 1. In fact, Plaintiff was one of ten putative class members of the Commission Cases who did opt out of the Damages Class, but she was still included in the mandatory, no-opt out Prospective Relief Class. Final Judgment at 2, 3, attached as Exhibit H to Declaration of Jennifer B. Zargarof ("Zargarof Decl."). The final judgment in the Commission Cases was filed on October 7, 2009.

On October 26, 2009, after a status conference, this Court ordered Nordstrom to file a motion to remand. At the status conference, the Court stated that the motion would give "each side . . . a fair basis to tell me what, if anything, can possibly survive as a potential class action in this case, and also whether or not, even if there is no class action, Alvarez on her own is entitled to remain as a litigant before me here in federal court."[2] Transcript of Proceedings, attached as Exhibit A to Declaration of Julie Wong (CV 10-

---

[2] At that time, it was an open question whether the Court's denial of class certification divested it of CAFA removal jurisdiction.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05856-AHM (AJWx)<br>CV 10-04378-AHM (AJWx)* | Date | May 24, 2011 |
|---|---|---|---|
| Title | CYNTHIA ALVAREZ v. NORDSTROM, INC. consolidated with CYNTHIA ALVAREZ v. NORDSTROM, INC., et al. | | |

4378, DE 11).

Nordstrom complied with the Court's order and filed a motion to remand. Plaintiff did not take the opportunity to explain whether, and how, her class claims survived. Instead, Plaintiff submitted a two-sentence response stating, "Plaintiff's [sic] do not oppose remanding this case to state court. However, Plaintiff's [sic] do not concur with any arguments set forth in Nordstrom's Motion for Remand." DE 58 at 2. Plaintiff having failed to clarify her intentions regarding her class claims on December 1, 2009, the Court issued an order granting Nordstrom's motion to remand. The Court declined to rule on whether Plaintiff would be entitled to pursue a class action in any court, but noted (presciently, as it turns out) that the Court "agree[d] with Nordstrom that Plaintiff appears to be maneuvering craftily in order to avoid an adverse ruling on that issue." DE 60.

In order to "assist the Superior Court in evaluating any effort by Plaintiff to have her claims certified as a class action once they are back in state court," this Court attached to its remand order Nordstrom's Reply brief. *Id.* That brief stated, in part, that "Plaintiff's decision to depart from the Court's instructions and decline to respond to the issues raised in Nordstrom's motion appears to be an effort to have a second bite at the apple in state court. It appears that Plaintiff hopes to get remanded to avoid further proceedings in this Court where class certification has already been denied once, and then seek to have the state court certify a class of some sort." *Id.*

The case was then remanded to state court, where it retained its previous case number (BC 392619). On May 12, 2010, as both the Court and Nordstrom anticipated, Plaintiff filed a motion for class certification, attempting to certify the same class and claims this Court had previously denied. Based upon Plaintiff's attempt to certify a class in state court, Nordstrom thereupon filed its second Notice of Removal of the state court action on June 14, 2010. The removed case was assigned case number CV 10-4378. One month later, on July 14, 2010, Plaintiff filed a motion to remand. The Court denied the motion to remand on October 4, 2010. The Court further ordered that CV 10-4378 and CV 08-5856 should be consolidated.

**B.     This Case**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05856-AHM (AJWx)<br>CV 10-04378-AHM (AJWx)* | Date | May 24, 2011 |
|---|---|---|---|
| Title | CYNTHIA ALVAREZ v. NORDSTROM, INC. consolidated with CYNTHIA ALVAREZ v. NORDSTROM, INC., et al. | | |

On January 17, 2011, Plaintiff filed a notice of motion for class certification, and an amended notice the same day. Plaintiff now seeks to certify the following class:

> All of Nordstrom's California employees who terminated employment and who were not paid all wages due immediately upon discharge from employment by Nordstrom, or within 72 hours of termination if the employee voluntarily terminated his or her employment without prior notice, within three years from the filing of the Complaint in this case and who were not included in "Nordstrom Commission Cases" . . . class.

Amended Notice at 2.

Plaintiff asserts that this proposed class may be divided into two subclasses:

> <u>Non-Commission Subclass</u>: All former California Nordstrom employees who terminated employment and were not paid their non-commission wages due immediately upon discharge from employment by Nordstrom, or within 72 hours of termination if the employee voluntarily terminated his or her employment without prior notice, within three years from the filing of the Complaint in this case and who were not included in "Nordstrom Commission Cases" . . . class.

> <u>Commission Subclass</u>: All former California Nordstrom employees who either (1) opted out of the Nordstrom Commission Cases Settlement, or (2) were employed from March 9, 2009 to present, and terminated employment and were not paid their commission wages immediately upon discharge from employment by Nordstrom, or within 72 hours of termination if the employee voluntarily terminated his or her employment without prior notice, within three years from the filing of the Complaint and who were not included in "Nordstrom Commission Cases" . . . class.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05856-AHM (AJWx)<br>CV 10-04378-AHM (AJWx)* | Date | May 24, 2011 |
|---|---|---|---|
| Title | CYNTHIA ALVAREZ v. NORDSTROM, INC. consolidated with CYNTHIA ALVAREZ v. NORDSTROM, INC., et al. | | |

*Id.* at 2-3.

## II. ANALYSIS

The party seeking class certification bears the burden of establishing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met. *Dukes v. Wal-Mart, Inc.*, 603 F.3d 571, 580 (9th Cir. 2010) (en banc), *cert. granted in part by* 131 S.Ct. 795 (Dec. 6, 2010). "[D]istrict courts are not only at liberty to, but must, perform a rigorous analysis to ensure that the prerequisites of Rule 23(a) have been satisfied." *Id.* at 581 (citing *Gen. Tel. Co. of the Sw. v. Falcon,* 457 U.S. 147, 161 (1982)).

In reviewing a motion for class certification, the Court generally is bound to take the substantive allegations of the complaint as true. *In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982) (citing *Blackie v. Barrack,* 524 F.2d 891, 901 (9th Cir. 1975)). Nevertheless, the Court may look beyond the pleadings to determine whether the requirements of Rule 23 have been met. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992) (citation omitted). While this does not mean a "district court must conduct a full-blown trial on the merits prior to certification . . . [the] analysis will often, though not always, require looking behind the pleadings, even to issues overlapping with the merits of the underlying claims." *Dukes*, 603 F.3d at 581. Ultimately, it is within the district court's broad discretion to determine whether a class should be certified. *Id.* at 579.

For ease of analysis, the Court will address Plaintiff's two proposed subclasses separately.

### A. Commission Subclass

According to Plaintiff, "[t]he commissioned subclass are all those who were made to wait for commission payments that plaintiff contends should have been calculated at the time of their discharge. Because of the Court's earlier rulings that an employee may only collect waiting penalties once, even if the employer fails to pay for many different reasons, the class by its terms excludes all those who are covered by the settlement in the

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05856-AHM (AJWx)<br>CV 10-04378-AHM (AJWx)* | Date | May 24, 2011 |
|---|---|---|---|
| Title | CYNTHIA ALVAREZ v. NORDSTROM, INC. consolidated with CYNTHIA ALVAREZ v. NORDSTROM, INC., et al. | | |

Nordstrom's Commission Cases." Reply at 12. As Plaintiff defines it, her proposed Commission Subclass would include the ten former Nordstrom employees (including Plaintiff) who opted out of the Nordstrom's Commission Cases Damages Class and some unknown number of members who began their employment at Nordstrom after March 9, 2009 (the Damages Class was comprised of all persons who worked for Nordstrom between October 29, 2000 and March 9, 2009).

However, the state court Commission Cases Damages Class is not the extent of those "covered by the settlement in the Nordstrom's Commission Case" because the settlement also included a "mandatory, no opt-out" Prospective Relief Class. Final Judgment at 2, 3, Exh. H to Zargarof Decl. Plaintiff objected to the settlement as a whole, but her objection was overruled. *Id.* at 4-5. The Prospective Relief Class encompassed "[a]ll persons employed by Nordstrom in California between October 29, 2000 and [March 9, 2009] whose compensation included commissions and whose compensation in the future will include commissions . . . ." Preliminary Approval Order at 3, Exh. F to Zargarof Decl. By definition, this class included Plaintiff. Further, "Prospective Relief Class members are forever barred and enjoined from prosecuting claims that Nordstrom's commission calculation practices under the revised commission plan are unlawful . . . ." Final Judgment at 4, Exh. H to Zargarof Decl.

"[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 146, 156 (1982) (quotation marks and citation omitted). Plaintiff acknowledges that her proposed Commission Subclass "by its terms excludes all those who are covered by the settlement in the Nordstrom's Commission Cases." Reply at 12. Although Plaintiff opted out of the Commission Cases Damages Class, Plaintiff *is* covered by the settlement as a member of the mandatory Prospective Relief Class. Under the terms of the Commission Cases Final Judgment, members of the Prospective Relief Class are barred from pursuing claims related to Nordstrom's revised commission plan approved as part of the Commission Cases settlement. Thus, Plaintiff cannot represent members of her proposed Commission Subclass in this case employed by Nordstrom after March 9, 2009 (who would not be members of the Prospective Relief Class). Although Plaintiff might be able to represent employees who opted out of the Damages Class, only 10 employees chose to opt out, which is far too few to comprise a class here. Plaintiff could pursue her

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05856-AHM (AJWx)<br>CV 10-04378-AHM (AJWx)* | Date | May 24, 2011 |
|---|---|---|---|
| Title | CYNTHIA ALVAREZ v. NORDSTROM, INC. consolidated with CYNTHIA ALVAREZ v. NORDSTROM, INC., et al. | | |

own individual commission-related damages claims arising from her term of employment, but she cannot prosecute such claims on behalf of a class.

### B. Non-Commission Subclass

Plaintiff also seeks to certify a Non-Commission Subclass. Plaintiff alleges "she was discharged from her employment with Nordstrom and worked her last day on May 30, 2008" but "Nordstrom did not issue a final paycheck to Plaintiff until June 4, 2008" and she "did not actually receive the check until several days later." Motion at 2. Plaintiff claims that "[t]he common questions relating to the non-commission wage subclass all stem from whether Nordstrom timely paid non-commission wages to former Nordstrom employees upon their separation from employment. To the extent Nordstrom has a written policy requiring former employees to sign written agreements that purport to discharge Nordstrom's legal obligation of immediate payment of non-commission base wages, this presents another question common to the class." Motion at 9.

The proposed subclass of all former Nordstrom employees not timely paid non-commission wages fails to meet the Rule 23 requirements. There are serious problems with the ascertainability of this subclass and, by extension, determining whether it is sufficiently numerous. Plaintiff also has failed to establish that there are questions of law or fact common to the class. Moreover, she has failed to establish that her claims are typical of the putative class.

#### 1. Suitability for Class Treatment

As an initial matter, the waiting time penalties Plaintiff seeks under the Labor Code are not imposed merely because a terminated employee does not timely receive her final pay. Instead, both employer and employee must meet certain obligations, including the employer tendering final pay when due and the employee being present to receive that tender. *See Villafuerte v. Inter-Con Sec. Sys., Inc.*, 96 Cal. App. 4th Supp. 45, 50 (2002); Cal. Lab. Code §§ 201, 203. Assuming these obligations are met, an employer is subject to liability if its failure to pay is willful. Cal. Lab. Code § 203. A willful failure to pay occurs "when an employer intentionally fails to pay wages to an employee when those wages are due. However, a good faith dispute that any wages are due will preclude

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05856-AHM (AJWx)<br>CV 10-04378-AHM (AJWx)* | Date | May 24, 2011 |
|---|---|---|---|
| Title | CYNTHIA ALVAREZ v. NORDSTROM, INC. consolidated with CYNTHIA ALVAREZ v. NORDSTROM, INC., et al. | | |

imposition of waiting time penalties under Section 203." 8 C.C.R. § 13520. The willfulness inquiry poses serious problems for class treatment of Plaintiff's non-commission subclass.

If, as Plaintiff proposes, the class constitutes every former employee who was not timely paid final non-commission wages, then "mini-trials" would be required for each class member to determine whether waiting time penalties are proper. Plaintiff proposes that "[t]he very fact Nordstrom sought waiver of the time for payment of undisputed and fully capable of being calculated hourly (base) wage payments indicates willfulness." Reply at 2 (citation omitted). That is debatable, but in any event, and as is discussed below, Plaintiff does not allege that Nordstrom ever sought such a waiver from her. Thus, to the extent that class-treatment is appropriate for former employees from whom Nordstrom sought waivers, Plaintiff is not a member of the class.

       2.      <u>Ascertainability</u> and <u>Numerosity</u>

Plaintiff first argues that her overall class, encompassing both sub-classes, is sufficiently numerous because Nordstrom attached a declaration to its most recent Notice of Removal stating that Nordstrom had terminated approximately 25,000 California employees during the class period alleged by Plaintiff. Decl. of Elisabeth Close, DE 4 at ¶ 3. But this is merely the total number of terminations. Plaintiff cannot extrapolate from this figure the total number of employees who were not timely paid their commission or non-commission wages upon separation from Nordstrom, as would be required for Plaintiff's proposed class and sub-classes.

Plaintiff also claims that the class can be ascertained (and its numerosity determined) by resort to Nordstrom's books and records. Plaintiff states that Nordstrom's former Director of HR Operations testified at deposition that "Nordstrom's computerized payroll system is capable of generating a report for all employees indicating date of termination, last date actually worked (whether fired or resigned), whether an employee was paid in cash or by check, and dates of checks issued for final payment of wages." Motion at 4. From this data, Plaintiff claims that the class can be ascertained by subtracting the date the employee received his or her final pay from the relevant last date of employment for purposes of calculating timely final pay (e.g., if the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05856-AHM (AJWx)<br>CV 10-04378-AHM (AJWx)* | Date | May 24, 2011 |
|---|---|---|---|
| Title | CYNTHIA ALVAREZ v. NORDSTROM, INC. consolidated with CYNTHIA ALVAREZ v. NORDSTROM, INC., et al. | | |

employee was terminated while working at the store, the date of termination). Reply at 6 ("If the employee were properly paid, the difference between [date of payment] and date of termination would be zero.").

However, Plaintiff does not possess any of this alleged data and argues that "Defendant has denied Plaintiff full and fair access to this data, but Defendant can't claim it doesn't exist." Reply at 4. Even assuming that such data would permit the class to be ascertained, the data is *not* before the Court. And without such data, or some other means of ascertaining the class, there is no basis for determining the numerosity of the class.

Further, even if this data *did* exist and was in Plaintiff's possession, it would not be enough for the class to be ascertained, because further findings of fact would be required. *Mueller v. CBS, Inc.*, 200 F.R.D. 227, 233 (W.D. Pa. 2001) ("[D]etermining membership in the class would essentially require a mini-hearing on the merits of each class member's case, which itself renders a class action inappropriate for addressing the claims at issue . . . .") (citation omitted). Plaintiff's proposition that she could merely subtract dates in Nordstrom's records (records she has not presented to the Court) in order to ascertain the class does not hold up. The warring allegations regarding Plaintiff's own experience are an example of this problem. "Plaintiff alleges [in her deposition] that she was told it was too late in the day for her to receive her final pay and that she should call Monday. However, Plaintiff's manager testified that she directed Plaintiff to go to Human Resources to receive her final pay the day of her termination. Plaintiff [again in her deposition] contends that when she next called Nordstrom, she was told that she should come in to pick up her check on the next payday. Ultimately, Plaintiff picked up her final check within a week of her last day." Opp. at 6 (citations omitted).

       3.     <u>Commonality</u> and <u>Typicality</u>

According to Plaintiff, "[t]he single legal and factual issue shared by all members of the group [including both proposed sub-classes] is whether or not Defendant's practice of not paying in full, immediately, all final wages earned and capable of calculation at the time of discharge, or if the person terminated his or her own employment without notice, the [sic] within 72 hours of receiving notice, is unlawful under California Labor Code Sections 201 and 202, and if so, are penalties appropriate under any or all of California

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05856-AHM (AJWx)<br>CV 10-04378-AHM (AJWx)* | Date | May 24, 2011 |
|---|---|---|---|
| Title | CYNTHIA ALVAREZ v. NORDSTROM, INC. consolidated with CYNTHIA ALVAREZ v. NORDSTROM, INC., et al. | | |

Labor Sections 203, 225.5, 256 and/or 2699, sbds. (a) & (f)." Reply at 1.

As discussed above, the mere fact that a terminated employee does not timely receive her final wages does not present a common issue of fact or law. Late payment alone does not impose liability on the employer and there may be any number of factual circumstances underlying the tardiness. As Nordstrom alleges is the case with Plaintiff, it is possible that the terminated employee herself could be responsible for the late payment.

Perhaps recognizing this problem, Plaintiff's reply focuses on Nordstrom's "practice" and "standard policy" of not timely paying final wages. Plaintiff claims that "Defendant has produced its policies that terminated employees sign an election on how they are to receive their final pay check. . . . Defendant uniformly sought a written waiver of payment for the non-commissioned portion of the wages due upon termination until the next regular payday. . . . Defendant in this case documents the employee was present to accept payment by getting the employee to sign a waiver of immediate payment." Reply at 4, 7. Plaintiff contends such waivers violate the Labor Code. Motion at 9.

Nordstrom disputes that such a practice ever existed and has presented evidence that it "utilizes a 'Quick Pay' process allowing for payment of wages at the workplace without the need to wait for a check or to obtain funds from another location. . . . In an effort to accommodate [employees who did not wish to be paid in cash on their last day], Nordstrom developed forms for employees to document their "Quick Pay" refusal and direct that final pay be made another way, by mail, direct deposit or check held in the store for pickup. . . . Quick Pay remains the default mechanism for automatically tendering final pay on the last day, but employees are permitted to refuse the tender and direct otherwise." Opp. at 7.

If, as Plaintiff contends, Nordstrom had a policy of seeking written waivers to delay final pay until the next payroll date, that policy could present a common question of fact and the legality of such waivers could present a common question of law. The problem for Plaintiff, however, is that her claims are not typical of such a class. As Nordstrom argues, Plaintiff "does not claim she was presented with any form, 'release' or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05856-AHM (AJWx)<br>CV 10-04378-AHM (AJWx)* | Date | May 24, 2011 |
|---|---|---|---|
| Title | CYNTHIA ALVAREZ v. NORDSTROM, INC. consolidated with CYNTHIA ALVAREZ v. NORDSTROM, INC., et al. | | |

'waiver' at the time she was discharged, nor does she claim that she signed such a form or authorized any delay in the payment of her final wages. Instead, she states that she was simply paid late. . . . Thus, she has not set forth a class of which she is a member." Opp. at 17 n.5. During the hearing on Plaintiff's first motion to certify a class in this case, the Court stated, "[Plaintiff] worked for only two weeks. This is a very dubious class representative and certainly not one eligible to represent people waging the battle of willfulness on the basis of these certifications and waiver forms." DE 64 at 14:21-25, 15:1-4. That remains true now.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to certify.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |